PAUL B. SNYDER
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

✓ FILED
____LODGED
____RECEIVED

**March 7, 2008**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____DEPUTY

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re:<br><br>WILLIAM J. AND RANDI BEYERS,<br><br>Debtors. | Case No. 07-41417 |
| JAMES HEDGES and BERTINIA HEDGES, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM J. BEYERS and RANDI N. BEYERS, husband and wife,<br><br>Defendants. | Adversary No. 07-4081<br><br>**MEMORANDUM DECISION**<br><br>**NOT FOR PUBLICATION** |

Trial was to be held in this matter on February 6, 2008. Plaintiffs James and Bertinia Hedges (Plaintiffs), in accordance with their complaint, sought to have the debt owed by Defendants William J. and Randi N. Beyers (Defendants) declared nondischargeable pursuant to 11 U.S.C. § 523(a)(6)[1]. Without providing notice to the Court or responding to the Plaintiffs' Memorandum requesting the Court grant collateral estoppel as to all issues tried

---

[1] Unless otherwise indicated, all "Code," Chapter and Section references are to the Federal Bankruptcy Code, 11 U.S.C. §§ 101-1532, as amended by BAPCPA, Pub. L. 109-8, 119 Stat. 23, as this case was filed after October 17, 2005, the effective date of most BAPCPA provisions.

MEMORANDUM DECISION - 1

previously in the Washington State Cowlitz County Superior Court (Superior Court), the Defendants argued for the first time at trial that collateral estoppel did not apply. The Court continued the trial and granted time for the parties to submit additional briefing. This decision shall constitute Findings of Fact and Conclusions of Law on the issue of whether collateral estoppel applies, and is incorporated pursuant to Fed. R. Civ. P. 52.

I

**FINDINGS OF FACT**

The following are a summary of the relevant findings of fact and conclusions of law rendered by the Superior Court on January 5, 2007. The Plaintiffs have resided at 3818 Pleasant Hill Road, Kelso, Washington, since August 18, 1975 (Plaintiffs' Property). In May, 2005, the Defendants purchased property at 3826 Pleasant Hill Road, Kelso, Washington (Defendants' Property). The Plaintiffs' Property is accessed by a driveway (Driveway) that runs along the West and South lines of the Defendants' Property. The Driveway has been in place since the Plaintiffs purchased their property. The parties' parcels are adjoining and share a common boundary. The boundary was marked by a fence, which spanned the entire Driveway and continued the full length of the common boundary.

Prior to purchasing the Defendants' Property, the Defendants were aware that the Plaintiffs were using the Driveway and had no intention of relocating it. Prior to purchase, the Defendants also learned that the Plaintiffs did not have a written, recorded easement for their use of the Driveway.

After purchasing their property, the Defendants moved the fence closer to the Plaintiffs' Property, thereby relocating the parties' common boundary line. The Plaintiffs requested the fence be returned to its original location. After consulting an attorney, the Defendants refused

MEMORANDUM DECISION - 2

the Plaintiffs' request. The Defendants were advised by their attorney that they should let the Plaintiffs sue them, as their liability could be no more than the value of the disputed property already claimed by the Plaintiffs.

On September 2, 2005, the Defendants began removing the fence bordering the two properties. The Plaintiffs objected to this action, but the Defendants proceeded to completely remove the fence.

On September 6, 2005, legal counsel for the Plaintiffs sent the Defendants a letter (Plaintiffs' Exhibit 3), which advised them that the Plaintiffs asserted an ownership interest based on adverse possession in the Driveway as well as the area up to the original fence boundary dividing the parties' properties. In the letter, legal counsel demanded that the Defendants cease and desist any activity in those areas, or the Plaintiffs would take legal action to protect their ownership rights. The Defendants received this letter on September 6, 2005. As of that date, the Defendants knew that the Plaintiffs did not intend to relocate the Driveway, that the Plaintiffs claimed an ownership interest in the Driveway and the area up to the original fence boundary, and that the Plaintiffs did not want the Defendants engaged in any activity in this area.

On September 9, 2005, with knowledge that they had no authority to enter the Plaintiffs' Property or move the Driveway, the Defendants used heavy equipment to remove the Driveway. Thereafter, the Defendants planted trees within the area previously encompassing the Driveway and area up to the original fence boundary.

The Plaintiffs suffered emotion distress as a result of the removal of the Driveway and fence that ran along the parties' common boundary.

MEMORANDUM DECISION - 3

In October, 2005, the Plaintiffs brought an action in Superior Court, asserting ownership of the Driveway and land on their side of the original fence boundary and for damages resulting from the Defendants' entry onto this property and their destruction of the Driveway and fence.

In May, 2006, the Superior Court granted an order of summary judgment in favor of the Plaintiffs, declaring Plaintiffs to be the owners of the Driveway and area up to the original fence boundary. The Superior Court left for trial the Plaintiffs' claims against the Defendants for damages to the improvements on the property, together with emotional distress from Defendants' intentional trespass and misconduct, plus their request for attorney's fees and costs.

During the Superior Court proceeding, the Plaintiffs and Defendants were both represented by legal counsel. On November 3, 9, and 14, 2006, the Superior Court tried the Plaintiffs' damage claims. During the trial, the Defendants were physically present, gave testimony and were represented by counsel. On January 5, 2007, the Superior Court entered Findings of Fact and Conclusions of Law. The Superior Court concluded that the Defendants had committed trespass in violation of RCW 4.24.630 when they removed the Driveway and the fence along the parties' common boundary line. The Superior Court awarded damages to the Plaintiffs and against the Defendants (1) for treble the cost of restoration of the Driveway; (2) for Plaintiffs' loss of use of the Driveway; (3) for the emotional distress of the Plaintiffs; and (4) for attorney's fees and costs. On January 19, 2007, a judgment was entered against the Defendants in the total amount of $39,929.22 (Judgment).

MEMORANDUM DECISION - 4

On May 3, 2007, the Defendants filed a Chapter 7 bankruptcy.  On June 12, 2007, the Plaintiffs commenced this adversary proceeding, seeking to have the Plaintiffs' Superior Court Judgment declared nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

The Plaintiffs contend that the Findings of Fact, Conclusions of Law, and Judgment entered by the Superior Court in their prior legal action against these same Defendants invokes the collateral estoppel doctrine, precluding litigation of the issues presented in this adversary proceeding.  The Plaintiffs further contend that all of the damage claims arising from the Superior Court causes of action fall within the requirements of § 523(a)(6), and that the Superior Court judgment is conclusive as to the value of such nondischargeable claims.  The Defendants contend that collateral estoppel does not apply.

**II**

**CONCLUSIONS OF LAW**

The doctrine of collateral estoppel is applicable to dischargeability cases in bankruptcy. Grogan v. Garner, 498 U.S. 279, 284-85 n. 11, 111 S. Ct. 654 (1991).  Extending full faith and credit to the state court determination, a federal bankruptcy court must look to state law to determine the preclusive effect of a prior state court judgment.  Gayden v. Nourbakhsh (In re Nourbakhsh), 67 F.3d 798, 800 (9th Cir. 1995).

Collateral estoppel applies in Washington if (a) the issues presented in both cases are identical; (b) there was a final judgment on the merits in the first action; (c) the party against whom the doctrine is asserted was a party to or in privity with a party to the prior action; and (d) application of the doctrine would not work an injustice against the party to whom it is applied.  City of Des Moines v. Pers. Prop. Identified as $81,231 in U.S. Currency, 87 Wn. App. 689, 700-01, 943 P.2d 669 (1997).

MEMORANDUM DECISION - 5

The Superior Court trial lasted several days and concluded with entry of detailed Findings of Fact and Conclusions of Law. The Superior Court also entered a final judgment on the merits. The Plaintiffs in the adversary proceeding were the Plaintiffs in the state court action, and the Defendants in the adversary proceeding were the Defendants in the state court action. Both parties in the Superior Court action participated in that action and were represented by counsel. The application of collateral estoppel in this adversary proceeding will not work an injustice on the Defendants, as they previously had the opportunity to and did fully litigate the parties' dispute. Accordingly, the only remaining element of collateral estoppel to consider is whether the issues decided in the state court action are identical to those presented in this adversary proceeding under 11 U.S.C. § 523(a)(6).

"To determine whether there is the required identity of issues, the Court must ascertain whether the factual findings in the prior action support the elements which must be proven in the present case." Miller v. Apfel-Wilson (In re Apfel-Wilson), 165 B.R. 939, 941 (Bankr. W.D. Wash. 1994).

11 U.S.C. § 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." What constitutes a "willful and malicious injury" has been clarified by the U.S. Supreme Court to mean a "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." Kawaauhau v. Geiger (In re Geiger), 523 U.S. 57, 61, 118 S. Ct. 974 (1988). A "malicious" injury involves "'(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.'" Petralia v. Jercich (In re Jercich), 238 F.3d 1202, 1209 (9th Cir. 2001) (quoting In re Bammer, 131 F.3d 788, 791 (9th Cir. 1997) (quotations omitted)).

MEMORANDUM DECISION - 6

The willful injury requirement of 11 U.S.C. § 523(a)(6) is satisfied "when it is shown either that the debtor had a subjective motive to inflict the injury *or* that the debtor believed that injury was substantially certain to occur as a result of his conduct." Jercich, 238 F.3d at 1208. It is irrelevant that there may have been objective substantial certainty that the debtor's conduct would result in injury. Carrillo v. Su (In re Su), 290 F.3d 1140, 1145-46 (9th Cir. 2002). In sum, both Geiger and Su demonstrate that the standard for meeting the willful portion of the two-part test under § 523(a)(6) indicate that the creditor must prove that the debtor had the subjective intent to cause harm or the subjective knowledge that harm was substantially certain to occur. The burden of proof is on the party proposing to establish collateral estoppel. McDaniels v. Carlson, 108 Wn.2d 299, 303 (1987).

The Superior Court's Findings of Fact and Conclusions of law support the elements that must be proven in an action under 11 U.S.C. § 523(a)(6).

As set forth in the Superior Court's findings, the Defendants knew that the Plaintiffs used the Driveway area and that they did not intend to relocate it. The Defendants also knew that the Plaintiffs opposed any relocation of the common boundary line. With this knowledge, the Defendants removed the fence on the Plaintiffs' Property over the Plaintiffs' objections, believing that their only risk would be a restoration to the Plaintiffs of the disputed property.

The Defendants also learned from the Plaintiffs' attorney that the Plaintiffs asserted a property interest based on adverse possession in the Driveway and area up to the original fence line. The Defendants were advised by Plaintiffs' attorney to cease and desist any activity in those areas. Nonetheless, with the knowledge that they had no authority to enter the Plaintiffs' Property or remove the Driveway, the Defendants used heavy equipment to remove the Driveway.

MEMORANDUM DECISION - 7

Based on these facts, the Superior Court concluded that the Defendants trespassed when they removed the Driveway and the fence, thereby violating RCW 4.24.630. RCW 4.24.630 requires a finding that the Defendants acted wrongfully. "[A] person acts 'wrongfully' if the person intentionally and unreasonably commits the act or acts while knowing, or having reason to know, that he or she lacks authorization to so act." RCW 4.24.630(1). In this case the Superior Court, after several days of trial, concluded that the Defendants intentionally and wrongfully removed the fence and Driveway, knowing that they were not authorized to trespass on the Plaintiffs' Property, and caused injury to the Plaintiffs' Property. There can be no doubt that the Defendants were aware that injury would follow their unauthorized acts. Based on the Superior Court findings and legal conclusions, this Court concludes that the issues litigated in the Superior Court action are identical to those presented in the Plaintiffs' action under 11 U.S.C. § 523(a)(6). As such, the Defendants are collaterally estopped from litigating the issues presented in this adversary proceeding.

The Superior Court Judgment includes damages for emotional distress suffered by the Plaintiffs, as well as attorney's fees and costs. In Washington, damages for emotional distress may be awarded for a statutory violation if the wrong committed is in the nature of an intentional tort. White River Estates v. Hiltbruner, 134 Wn.2d 761, 766, 953 P.2d 796 (1998). "'[A]s the plain language of RCW 4.24.630(1) envisions wrongful conduct, any violation of that statute is analogous to an intentional tort . . . .'" Colwell v. Etzell, 119 Wn. App. 432, 438, 81 P.3d 895 (2003) (quoting Standing Rock Homeowners Ass'n v. Misich, 106 Wn. App. 231, 246, 23 P.3d 520 (2001)). RCW 4.24.630(1) provides for treble damages and attorney's fees and costs.

MEMORANDUM DECISION - 8

The Ninth Circuit has held that "'both compensatory and punitive damages are subject to findings of nondischargeability pursuant to section[ ] 523(a)(6) . . . .'" Britton v. Price (In re Britton), 950 F.2d 602, 606 (9th Cir. 1991) (quoting Moraes v. Adams (In re Adams), 761 F.2d 1422, 1423, 1428 (9th Cir. 1985)). Thus, "[*a*]*ll liabilities resulting therefrom are nondischargeable.*" Adams, 761 F.3d at 1428 (emphasis in original).

Accordingly, the Superior Court Judgment in the amount of $39,929.22 is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

DATED: March 7, 2008

*Paul B. Snyder*
_____
Paul B. Snyder
U.S. Bankruptcy Judge

MEMORANDUM DECISION - 9